**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CRIMINAL ACTION NO.: 3:03CR5-V**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LENARD OLANDO LOWERY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's letter motion dated June 21, 2005, and postmarked the same date.

In his motion, Defendant asks the Court to modify his Judgment and Commitment Order ("J & C") with respect to participation in the Inmate Financial Responsibility Program. More specifically, Defendant asks the Court to no longer require Defendant to make monetary payments towards the restitution amount of $26,397.00 during his remaining term of imprisonment.

On October 15, 2004, Defendant was sentenced to 210 months imprisonment after pleading guilty to car jacking and use and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c). In addition to Nationwide Insurance, there are two individual restitution payees identified within the Judgment. (Document #19; J & C, at 4a.)

Within Defendant's Judgment and Commitment Order, the Court recommended to the Bureau of Prisons that the "Defendant participate in the Inmate Financial Responsibility Program." (Document #19; J & C, at 2.) The Judgment further states:

1

> "Unless the court has expressly ordered otherwise . . . if this judgment imposes a period of imprisonment payment of criminal monetary penalties **shall** be due during the period of imprisonment."

(Document #19; J & C, at 5.) In the event Defendant still owes restitution upon his release from imprisonment, the Judgment also provides for monthly payments in the amount of $50.00 beginning 60 days after Defendant's release from imprisonment. (Id.)

To the extent Defendant is requesting a modification of his sentence, his request is properly <u>denied</u>. Once sentence is imposed, the Court's judgment is final and can be amended only upon motion of the Government or the Director of the Bureau of Prisons, or if the sentence imposed was outside the guideline range. 18 U.S.C.A. § 3582. None of these circumstances apply in the present case. Moreover, to allow Defendant's request would be contrary to the objectives of The Justice For All Act of 2004 (the "Act"), 18 U.S.C. §3771[1], and this Court's responsibilities pursuant to the Act.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is hereby **DENIED**.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge

---

[1] Section 3771(a)(6) of the Act governing crime victims' rights provides victims of federal crimes "[t]he right to full and timely restitution as provided in law."